UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
METSO MINERALS INC.,

    Plaintiff,

  - against -

POWERSCREEN INTERNATIONAL
DISTRIBUTION LIMITED, TEREX
CORPORATION, POWERSCREEN NEW
YORK, INC., and EMERALD EQUIPMENT
SYSTEMS, INC.,

    Defendants.
----------------------------------------x

Civil Action No. CV-06-01446
(ADS) (ETB)

**ANSWER AND COUNTERCLAIMS**

  Defendants, POWERSCREEN INTERNATIONAL DISTRIBUTION LIMITED, TEREX CORPORATION, and EMERALD EQUIPMENT SYSTEMS, INC., by their attorneys, BRYAN CAVE, LLP, as and for their Answer and Counterclaims to Plaintiff's Complaint, allege and state as follows:

## **PARTIES**

  1. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

  2. Admit to the allegations set forth in paragraph "2" of the Complaint.

  3. Admit to the allegations set forth in paragraph "3" of the Complaint.

  4. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Admit that Defendant Emerald Equipment Systems, Inc. is a corporation organized under the laws of New York and having a place of business at 5908 Butternut Road, East Syracuse, New York 13057, but deny all other allegations set forth in paragraph "5" of the Complaint.

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint due to the vague and indefinite reference to "certain mobile aggregate material processing plants."

## JURISDICTION AND VENUE

7. Admit to the allegations set forth in paragraph "7" of the Complaint.

8. Admit to the allegations set forth in paragraph "8" of the Complaint.

## FACTUAL BACKGROUND

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

## COUNT I
## PATENT INFRINGEMENT

11. Repeat and reallege their responses to paragraphs "1" through "10" of the Complaint as if fully set forth herein.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

15. The Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(7).

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

16. Upon information and belief, this Court lacks jurisdiction over Defendant Powerscreen New York, Inc.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

17. No product manufactured, used, imported, offered for sale and/or sold by any of the Defendants infringes any of the claims of the '618 patent.

18. To obtain allowance of the claims of the '618 patent, the applicant argued through his attorney to the United States Patent and Trademark Office ("USPTO"), "Claims 1 and 12 are further amended to more clearly indicate what constitutes the operative position and the transport position, the former having elements extending laterally of the chassis, latter having no elements extending laterally of the chassis." (See Exhibit A attached hereto.) No product manufactured, used, imported, offered for sale and/or sold by any of the Defendants meets that requirement.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

19. In the event that one or more of the Defendants is found to infringe any of the claims of the '618 patent, such infringement is not and has not been willful.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

20. The '618 patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§101, 102, 103, 112, 116, and/or 256.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the doctrine of laches and estoppel, and Plaintiff thus is barred from recovering any damages for allegedly infringing activities and from obtaining relief.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are limited pursuant to 35 U.S.C. §287.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to allege which, if any, of the claims of patent '618 have been infringed.

## AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

24. Plaintiff lacks proper standing upon which to assert its claims that any product manufactured, used, imported, offered for sale and/or sold by any of the Defendants infringes the claims of patent '618.

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

25.     Defendants reserve the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

## COUNTERCLAIMS

## JURISDICTION

26.     This is an action for declaratory judgment.  This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338, 2201 and 2202.

27.     Plaintiff has asserted that Defendants have infringed and continue to infringe the '618 patent by making, using, offering for sale, and/or selling within the United States, and/or by importing into the United States, "certain mobile aggregate material processing plants."

28.     There is a justiciable case or controversy between Plaintiff and Defendants regarding the infringement of the claims of the '618 patent.  Because Plaintiff has commenced this action for patent infringement, Defendants seek declaratory judgment that the products manufactured, used, imported, offered for sale and/or sold by any of the Defendants do not infringe the claims of the '618 patent to stave off future claims.

## AS AND FOR THE FIRST COUNTER CLAIM

29.     Defendants repeat and reallege Paragraphs 1 through 28 as if fully set forth herein.

30. The '618 patent contains twelve claims. Plaintiff has not specified which, if any, of these claims have been infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

31. Claim 1 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

32. Claim 1 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

33. Claim 2 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

34. Claim 2 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

35. Claim 3 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

36. Claim 3 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

37. Claim 4 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

38. Claim 4 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

39. Claim 5 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

40. Claim 5 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

41. Claim 6 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

42. Claim 6 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

43. Claim 7 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

44. Claim 7 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

45. Claim 8 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

46. Claim 8 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

47. Claim 9 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

48. Claim 9 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

49. Claim 10 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

50. Claim 10 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

51. Claim 11 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

52. Claim 11 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

53. Claim 12 of the '618 patent is not literally infringed by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

54.  Claim 12 of the '618 patent is not infringed under the doctrine of equivalents by the manufacture, use, import, offer for sale, or sale of any product by any of the Defendants.

### AS AND FOR THE SECOND COUNTER CLAIM

55.  Defendants repeat and reallege Paragraphs 1 through 54 as if fully set forth herein.

56.  Patent '618 does not name the correct "inventive entity." Upon information and belief, Mr. Richard Byrne contributed to the subject matter recited in one or more of the claims of the '618 patent.

57.  Upon information and belief, Malachy Rafferty was aware and understood that Mr. Byrne should have been named as a "co-inventor" of the '618 patent.

### AS AND FOR THE THIRD COUNTER CLAIM

58.  Defendants repeat and reallege Paragraphs 1 through 57 as if fully set forth herein.

59.  The '618 patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§101, 102, 103, 112, 116, and/or 256.

WHEREFORE, Defendants pray that the Court enter judgment against the Plaintiff and in favor of Defendants:

    a.  rejecting the demands of Plaintiff and dismissing the Complaint with prejudice;

9

    b.    declaring that Defendants have not infringed the claims of U.S. Patent No. 5,577,618 by the manufacture, use, import, offer for sale, or sale of any product manufactured, used, imported, offered for sale and/or sold by any of the Defendants;

    c.    permanently enjoining Plaintiff, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, from directly or indirectly charging or instituting any action for infringement, inducement of infringement or contributory infringement of the '618 patent against Defendants or any other person or entity in privity with Defendants, including without limitation Defendants' successors, assigns, agents, suppliers and customers; and

    d.    awarding such other and further relief deemed appropriate.

Dated:  New York, New York
           June 16, 2006

**BRYAN CAVE LLP**

By: /s/ George B. Yankwitt
    George B. Yankwitt (GY1203)
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Defendants Powerscreen International Distribution Limited, Terex Corporation, and Emerald Equipment Systems, Inc.*