UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
METSO MINERALS INC.,

                 Plaintiff,

- against -

POWERSCREEN INTERNATIONAL DISTRIBUTION LIMITED, TEREX CORPORATION, POWERSCREEN NEW YORK, INC., and EMERALD EQUIPMENT SYSTEMS, INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civil Action No. CV-06-01446 (ADS) (ETB)

# MEMORANDUM OF LAW IN SUPPORT IN DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE ALLEGED COMMERCIAL SUCCESS OF THE '618 PATENT FOR PURPOSES OF SHOWING NONOBVIOUSNESS

SQUIRE, SANDERS & DEMPSEY L.L.P.
30 ROCKEFELLER PLAZA. 23RD FL.
NEW YORK, NEW YORK  10112
TELEPHONE:  (212) 872-9800

## INTRODUCTION AND SUMMARY OF ARGUMENT

By this Motion *in Limine*, Defendants Powerscreen International Distribution Limited, Terex Corporation, Powerscreen New York, Inc., and Emerald Equipment Systems, Inc. (collectively, "Defendants") move to exclude any evidence or argument at trial by plaintiff Metso Minerals, Inc. ("Metso") regarding the alleged commercial success of the invention claimed in the '618 patent for purposes of showing the alleged nonobviousness of the subject patent. Any such evidence or argument is necessarily irrelevant as a matter of Federal Circuit precedent and should be excluded because Metso has not demonstrated—and cannot demonstrate—the required nexus between the claimed invention and the commercial success.

In particular, Plaintiff's expert witness on damages, Catharine Lawton, opines that the '618 patent has enjoyed commercial success. This opinion is unreliable, however, because she does not demonstrate by affirmative evidence or substantive analysis any nexus between the patented feature (the folding mechanism of the lateral conveyors) and the alleged commercial success. Her opinion is also irrelevant and unreliable because she improperly assumes that all Metso mobile screeners are covered by the claims of the '618 patent and that all of Powerscreen's accused mobile screeners infringe, such that sales for all of these products evidence the purported commercial success of the '618 patent.

Accordingly, the Court should exclude the proposed testimony of Ms. Lawton and any evidence proffered by Metso concerning the claimed commercial success of the '618 patent.

## ARGUMENT

### A. LEGAL STANDARDS.

"[T]he district court functions as the gatekeeper for expert testimony." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997). Before permitting a person to testify as an "expert" under Federal Rule of Evidence 702, a district court must determine: (1) whether the witness is qualified to be an expert; (2) whether the opinion is based upon reliable data and methodology; and (3) whether the expert's testimony on a particular issue will assist the trier of fact. *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005). If a witness is deemed qualified to

testify as an expert, the Court must determine whether the proffered testimony is itself admissible. Rule 702 governs the admissibility of expert testimony, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles reliably to the facts of the case.

Fed. R. Evid. 702. The admissibility standard under Rule 702 thus imposes a two-fold task of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied. Fed. R. Evid. 104(a); *Rupolo v. Oshkosh Truck Corp.*, 2010 U.S. Dist. LEXIS 53742, *12 (E.D.N.Y. June 1, 2010) (citations omitted).

More generally, relevant evidence is evidence having "any tendency to make the existence of any fact that is of consequence in the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402.

    **B.    ANY EVIDENCE OR ARGUMENT REGARDING THE COMMERCIAL SUCCESS OF THE INVENTION CLAIMED IN THE '618 PATENT MUST BE EXCLUDED BECAUSE METSO HAS NOT DEMONSTRATED THE REQUIRED NEXUS BETWEEN THE ALLEGED COMMERCIAL SUCCESS AND THE PATENTED INVENTION.**

The Court should exclude any proffered evidence or argument that the '618 patent is a commercial success. At this point, Ms. Lawton appears to be the primary witness through which Metso intends to adduce such evidence. In her Commercial Success Report, Ms. Lawton opines:

[redacted]

2



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Omnibus Declaration of George Yankwitt in Support of Defendants' Motions *In Limine* ("Yankwitt Decl.") Ex. O at 5. These opinions, as well as all other evidence of alleged commercial success more generally, must be excluded for two reasons. First, Ms. Lawton's opinion that a nexus exists is unreliable and irrelevant because it is wholly conclusory and not supported by sufficient data. Second, her opinion that the invention claimed in the '618 patent has been a commercial success is unreliable because it improperly presumes, without any analysis or support, that (i) all Metso screeners are covered by the claims of the '618 patent and

(ii) the accused Powerscreen products infringe the '618 patent, such that the revenue and profits for these products are relevant to determining commercial success.

### 1.     Ms. Lawton Does Not Demonstrate A Nexus Between The Alleged Commercial Success Of The '618 Patent And The Patented Features.

Ms. Lawton's opinion must first be excluded because she does not demonstrate the required nexus between the alleged commercial success of the '618 patent and the patented features. Consequently, any other evidence of commercial success Metso may try to adduce is necessarily also irrelevant because Metso has not demonstrated the required nexus.

Commercial success is a secondary consideration that may be used to demonstrate nonobviousness. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-39 (Fed. Cir. 1993) The patentee must establish a nexus between the evidence of commercial success and the patented invention; in other words, that the patented feature creates the demand. *In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996) (holding that the proponent must offer proof "that the sales were a direct result of the unique characteristics of the claimed invention"); *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) ("For objective [evidence of secondary considerations] to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention.").

"In meeting its burden of proof, the patentee in the first instance bears the burden of coming forward with **evidence sufficient** to constitute a prima facie case of the requisite nexus . . . [i.e.] produc[e] enough evidence to permit the trier of fact to infer the fact at issue." *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988) (quotation omitted; emphasis added). This showing "must explain how the product's commercial success was caused, at least in part, by the claimed invention and not be 'other economic and commercial factors unrelated to the technical quality of the patented subject matter.'" *Rambus Inc. v. Hynix Semiconductor Inc.*, 254 F.R.D. 597, 602 (N.D. Cal. 2008) (quotation omitted). Whether an expert has considered "not *enough* factors" to render its opinion reliable is committed to the sound discretion of the district court, which must "exclude an expert opinion that overlooks

factors that render the testimony unreliable and/or speculative." *Microstrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1355-56 (Fed. Cir. 2005) (original emphasis).

Here, Ms. Lawton's report states all the right buzzwords but her opinions are conclusory and devoid of supporting facts or evidence. *Cf.* Fed. R. Evid. 702. For instance, she herself recognizes that, according to Metso, " ███████████████████████████████ " Yankwitt Decl. Ex. O at 17. Ms. Lawton nevertheless concludes in summary fashion that " ███████████████████████████████ " *Id.* But Ms. Lawton cites no evidence or analysis, other than her own word, of ***why*** this is so. Such a conclusory opinion is not helpful to the trier of fact and is thus inadmissible. *See Baker*, 254 F. Supp. 2d at 353; *Astra Aktiebolag*, 222 F. Supp. 2d at 488; *Joiner*, 522 U.S. at 146 ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

Indeed, to cite but one example, several deposition witnesses in this case—including Metso's corporate designee, Metso's engineering expert, and a draftsman in the Masterskreen design office—testified that a key part of Metso's mobile screeners is the " ███████████████████████████████ ". *Id.* Ex. G at 271:23-272:9; Ex. CC at 179:16-25, 183:18-187:3, 293:3-294:22; Ex. T at 256:11-259:11; Ex. W at 95:10-98:11; Ex. V at 210:7-211:3. This testimony reveals that the Smart Screen Technology was standard on all but one model of Metso's mobile

screeners and significantly increased the price of those screeners by approximately $10,000 per unit. *See id.* Ms. Lawton's failure to consider the impact of such a feature on commercial success (among others) and her conclusory assertions warrant exclusion of her testimony on commercial success.

Similarly, Ms. Lawton opines in conclusory terms that "██████████████████████████████████████████████████████████████████████████████████████" Yankwitt Decl. Ex. O at 19 (original emphasis). Again, however, no facts or analysis evidently support her opinion. *See id.* Ex. O at 17-19. Her opinion must therefore be excluded. *See Baker*, 254 F. Supp. 2d at 353; *Astra Aktiebolag*, 222 F. Supp. 2d at 488; *Joiner*, 522 U.S. at 146. The same goes for any other evidence of commercial success Metso may proffer without having made the requisite showing that the claimed invention is the basis for commercial success. *See* Fed. R. Evid. 401, 402.

### 2. Ms. Lawton Improperly Assumes Without Any Facts Or Evidence That All Metso Mobile Screeners Are Covered By The '618 Patent And All Accused Products Infringe The '618 Patent.

"A presumption that such a nexus exists arises if the patentee can show that the marketed product 'embodies the claimed features' and 'is coextensive with them.'" *Rambus* 254 F.R.D. at 602 (quoting *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1129 (Fed. Cir. 2000)). "The reason for the first part of this inquiry is obvious: the patentee must show that the marketed product embodies (that is, infringes or is covered by) the patent claim . . . But for a presumption to attach, the patentee must also show that the claimed invention is 'coextensive' with the product." *Id.* The reason for the second part of the inquiry reflects "the reality than many products embody dozens of patents or features and that their success or failure cannot solely be attributed to any particular one." *Id.*

Courts routinely exclude expert opinion testimony on commercial success that does not meet these standards. In *Rambus*, for example, the court granted a motion *in limine* and

6

excluded plaintiff's expert testimony, concluding that "it is clear from Mr. Murphy's report that he did no analysis. His reasoning appears to be: the Manufacturers' products incorporate Rambus's claimed inventions; those products have been successful; *ergo* Rambus's inventions caused the products' success. Rule 702(2) demands more." *Id.* at 605. Similarly, in *Relume Corp. v. Dialight Corp.*, , the court found:

> Relume argues that evidence of defendants' commercial success, as well as its own, is evidence of the non-obviousness of its patents. This argument fails for two simple reasons. First, because Relume has failed to defeat defendants' motions for non-infringement (except with respect to Ecolux and the '909 patent), it cannot rely on the well-substantiated success of defendants' accused products to prove the commercial success of its claimed features. Second, Relume has not shown that its claimed features have enjoyed any commercial success.

*Relume*, 63 F. Supp. 2d 788, 827 (E.D. Mich. 1999).

The Court should do the same here with respect to Ms. Lawton's opinion. In examining Metso's revenue and operating profit for sales of its mobile screeners, Ms. Lawton does not even purport to analyze any evidence whatsoever regarding whether **all** Metso mobile screeners are covered by **all** claims of the '618 patent; indeed, she just assumes so. *See generally* Yankwitt Decl. Ex. O at 7-8. Nor can a presumption of a sufficient nexus arise because the patented feature—the folding mechanism of the lateral conveyors—is not coextensive with the entire Metso mobile screeners (or Defendants' screeners, for that matter). Similarly, Ms. Lawton assumes *for purposes of showing nonobviousness*—again, without evidence or facts—that **all** accused screeners *infringe* the '619 patent. As in *Relume*, Lawton cannot put the cart before the horse and presume, ostensibly without even relying on any infringement analysis, that the accused products embody all elements of claims 1 to 7 and 9 of the '618 patent such that Powerscreen's (substantially larger) revenue and operating profits may properly be considered.

Even if Ms. Lawton's report may be read to rely on sufficient evidence of infringement—which, as shown in the other motions *in limine*, there is none—her analysis is the kind specifically excluded by the court in *Rambus*: the accused products incorporate Metso's claimed invention; those products have been successful; *ergo* Metso's invention caused the accused

products' success.  *See, e.g.,* Yankwitt Decl. Ex. O at 7-10.  Because Ms. Lawton does not sufficiently show a nexus between the patented feature and commercial success, her opinion—and any other evidence Metso may adduce—on this issue must be excluded.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order excluding any expert opinion testimony by Catharine Lawton and other evidence or argument by Metso regarding the alleged commercial success of the '618 patent.

Dated: New York, New York  
       September 27, 2010

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: /s/ George B. Yankwitt  
    George B. Yankwitt (GY1203)  
    Mary M. Chang (MC3345)  
30 Rockefeller Plaza, 23rd Floor  
New York, New York  10112  
(212) 872-9800

*Attorneys for Defendants Powerscreen International Distribution Limited, Terex Corporation, and Emerald Equipment Systems, Inc.*