UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
:
METSO MINERALS INC.,                 :
                                     :   Civil Action No. CV-06-01446
            Plaintiff,               :   (ADS) (ETB)
                                     :
    - against -                      :
                                     :
POWERSCREEN INTERNATIONAL            :
DISTRIBUTION LIMITED, TEREX          :
CORPORATION, POWERSCREEN NEW         :
YORK, INC., and EMERALD EQUIPMENT    :
SYSTEMS, INC.,                       :
                                     :
            Defendants.              :
                                     :
                                     :
-------------------------------------x

## OMNIBUS DECLARATION OF GEORGE YANKWITT IN SUPPORT OF DEFENDANTS' OPPOSITIONS TO PLAINTIFF'S MOTIONS *IN LIMINE*

SQUIRE, SANDERS & DEMPSEY L.L.P.
30 ROCKEFELLER PLAZA, 23RD FL.
NEW YORK, NEW YORK  10112
TELEPHONE:  (212) 872-9800

I, George Yankwitt, declare as follows:

I am a member of the bar of this Court and a member of Squire, Sanders & Dempsey L.L.P. ("SSD"), counsel for Defendants Powerscreen International Distribution Limited, Terex Corporation, Powerscreen New York, Inc., and Emerald Equipment Systems, Inc. (collectively, "Defendants"), and make this omnibus declaration in support of Defendants' concurrently-filed oppositions to Plaintiff Metso Minerals, Inc.'s ("Metso") motions *in limine*.

1. Attached as <u>Exhibit A</u> is a true and correct copy of excerpts of the transcript of the deposition of Patrick McMeel taken on August 7, 2007.

2. Attached as <u>Exhibit B</u> is a true and correct copy of excerpts of the transcript of the deposition of Brian Kelly taken on August 9, 2007.

3. Attached as <u>Exhibit C</u> is a true and correct copy of excerpts of the transcript of the deposition of Stephen Whyte taken August 21, 2007.

4. Attached as <u>Exhibit D</u> is a true and correct copy of excerpts of the transcript of the deposition of John William Donnelly taken on October 11, 2007.

5. Attached as <u>Exhibit E</u> is a true and correct copy of excerpts of the transcript of the deposition of Malachy Rafferty taken on October 20-22, 2008.

6. Attached as <u>Exhibit F</u> is a true and correct copy of excerpts of the transcript of the deposition of Maurice Rice taken on June 29, 2010.

7. In March 2010, I caused a record search to be made of entities referenced in the MastersKreen Dispatch Logbook (also referred to as McMeel Depo. Ex. 8 and Defendants' Trial Exhibit AX). At that time, Defendants were not aware that the "MCE" referred to in this dispatch logbook was in fact M.C. Equipment, Inc., an entity based in the United States.

8. In mid-March 2010 my office located, as a result of the foregoing document searches, references to an action styled *MastersKreen Int'l Ltd. v. Patrick McKeown d/b/a M.C. Equipment, Inc.*, civil action no. 91-40181xx filed in the United States District Court for the District of Massachusetts on December 13, 1991 (the "MastersKreen action").

9. Thereafter, among other things, in an attempt to learn more about the MastersKreen action, I called the lawyer who had represented the defendants in that action to learn that he had died approximately 14 years earlier and that there were no remaining files in his former offices.

10. On March 13, 2010, my office was able to obtain a copy of the complaint in the MastersKreen action and the first page of the first exhibit to that complaint through Lexis Nexis.

11. On March 25, 2010, my office received a complete copy of the complaint in the MastersKreen action including all exhibits thereto from Lexis Nexis. Only then did Defendants discover that, included as an exhibit to the complaint, was an invoice reflecting the delivery of, and money owed concerning, a MastersKreen Dominator (serial number 201-425).

12. Attached as Exhibit G is a true and correct copy of the court file along with a cover email my office received from Lexis Nexis on March 25, 2010.

13. The day after this office received from Lexis Nexis the documents on March 25, 2010, including the 1990 invoice relating to the delivery of the Dominator to MCE (included in Exhibit G), I caused a bates-stamped copy of these same documents to be produced to Metso.

14. Attached as Exhibit H is a true and correct copy of the letter dated March 26, 2010, to Metso's counsel enclosing a copy of the MastersKreen Action file my office received from Lexis Nexis, which was delivered to Metso's counsel by hand on March 26, 2010, and a confirmation receipt indicating that the file was received by Metso's counsel on March 26, 2010.

15. Attached as Exhibit I is a true and correct ***certified*** court copy of the: Complaint and Exhibits thereto, filed on December 13, 1991; Answer, Counterclaims and Jury Demand of Defendants Patrick McKeown to Plaintiff's Amended Complaint, filed on February 4, 1992; and Plaintiff's Answer to Defendant's Counterclaims and Plaintiff's Affirmative Defenses Thereto, filed on February 5, 2002, in the action styled *MastersKreen Int'l Ltd. v. Patrick McKeown d/b/a M.C. Equipment, Inc.*, civil action no. 91-40181xx in the United States District Court for the District of Massachusetts, which my office first received on October 4, 2010.

16. Defendants have never withheld either Rice Exhibit 1 or Rice Exhibit 3 on the basis of the work product or any other privilege. On the contrary, I obtained Rice Exhibit 1 only three days prior to Mr. Rice's deposition. Defendants were not aware of, and did not have, this document prior to that time. Mr. Rice then provided this document to Metso at his deposition. Mr. Rice also provided Rice Exhibit 3 to Metso and Defendants at his deposition, so Defendants obtained it at the same time as Metso. Defendants were not aware of, and did not have, this document prior to that time.

17. Attached as Exhibit J is a true and correct copy of the "Responses And Objections Of Defendants Powerscreen International Distribution Limited, Terex Corporation, And Emerald Equipment Systems, Inc., To Plaintiff's Third Set of Requests To Admit," served on September 26, 2007.

18. My office did not receive several photographs and several other exhibits identified by Metso on its Trial Exhibit List filed with the March 29, 2010 Pre-Trial Order, including but not limited to PTX-100, -103, -105, -107, -109, -111, -114, and several others, until last week, ***after*** the deadline for motions *in limine* had lapsed.

4

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 5, 2010.

 /s/ George Yankwitt  
George Yankwitt
