UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
METSO MINERALS, INC.,                            :
                                                 :
       Plaintiff,                                  :
                                                 :
       v.                                          :      Civil Action No. CV-06-01446
                                                 :      (ADS) (ETB)
POWERSCREEN INTERNATIONAL                        :
DISTRIBUTION LIMITED,                            :
TEREX CORPORATION,                               :
POWERSCREEN NEW YORK, INC., and                  :
EMERALD EQUIPMENT SYSTEMS, INC.,                 :
                                                 :
       Defendants.                                 :
---------------------------------------------------------------x

# PLAINTIFF METSO'S
# STATEMENT REGARDING DAMAGES
# AND OTHER RELIEF SOUGHT

Michael C. Stuart
Lisa A. Ferrari
Marilyn Neiman
Teodor J. Holmberg
Cohen Pontani Lieberman & Pavane LLP
551 Fifth Avenue
New York, New York 10176
Phone: 212-687-2770
Telefax: 212-972-5487

Counsel for Plaintiff
Metso Minerals, Inc.

In accordance with the Court's rules regarding pre-trial submissions, following is plaintiff Metso's detailed statement regarding damages and other relief sought by Metso.

In this action, plaintiff Metso Minerals, Inc. ("Metso") seeks the following relief:

1. **Judgment of Patent Infringement:**

A final judgment under 35 U.S.C. § 271(a) that each one of the defendants have infringed and are infringing Metso's U.S. Patent No. 5,577,618 ("the '618 patent") by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States the following mobile screeners, in both the tire-mounted and track-mounted models: Chieftain 1400, Chieftain 1700, Chieftain 1800, Chieftain 2100, Chieftain 2100X, Chieftain 2400, and H5163 (collectively, "the Infringing Screening Plants").

2. **Judgment Dismissing All of Defendants' Defenses and Counterclaims:**

A final judgment dismissing, with prejudice, all of defendants' defenses and counterclaims in this action, including, without limitation: (1) that the Complaint in this action fails to state a claim upon which relief can be granted under Rule 12(b)(6), Fed.R.Civ.P.; (2) that this Court lacks jurisdiction over Powerscreen New York, Inc.; (3) that no product manufactured, used, imported, offered for sale and/or sold by any of the defendants infringes any claim of the '618 patent; (4) that Metso is estopped under the doctrine of prosecution history estoppel and/or prosecution disclaimer from asserting an interpretation of any of the claims of the '618 patent that would result in a judgment that defendants' Infringing Screening Plants infringe one or more claims of Metso's '618 patent; (5) that defendants' infringement has not been willful; (6) that Metso's patent is invalid under 35 U.S.C. § 101; (7) that Metso's patent is invalid under 35 U.S.C. § 102; (8) that Metso's

1

patent is invalid under 35 U.S.C. § 103; (9) that Metso's patent is invalid under 35 U.S.C. § 112; (10) that Metso's patent is invalid under 35 U.S.C. § 116; (11) that Metso's patent is invalid under 35 U.S.C. § 256; (12) that Metso's claims are limited or barred by the doctrine of laches, both evidentiary laches and equitable laches; (13) that Metso's claims are limited under 35 U.S.C. § 287; (14) that Metso failed to amply or specify the basis for its contention that one or more claims of Metso's '618 patent were infringed by the defendants; (15) that Metso lacks proper standing upon which to assert its claims that the defendants' manufacturing, using, offering for sale, and/or sale in the United States and/or importation into the United States of the Infringing Screening Plants infringe one or more claims of Metso's '618 patent; (16) that Metso is not the owner of the '618 patent; (17) that Metso's '618 patent is unenforceable due to inequitable conduct; (18) that claims 1 to 7 and 9 of Metso's '618 patent are not infringed either literally or under the doctrine of equivalents; (19) that Malachy Rafferty is not the sole inventor of the invention recited in the claims of Metso's '618 patent; (20) that Richard Byrne is the sole inventor of the invention recited in the claims of Metso's '618 patent; (21) that Richard Byrne is a joint inventor, with Malachy Rafferty, of the invention recited in the claims of Metso's '618 patent; (22) that Metso's claims against defendant Powerscreen New York, Inc. are limited or barred by Metso's alleged inequitable conduct; and (23) any other defense or counterclaim asserted by any one or more of the defendants in this action, and any other defense or counterclaim that could have been asserted by any one or more of the defendants in this action.

3. **<u>Judgment Denying All Relief Sought by Defendants:</u>**

A final judgment denying to defendants, with prejudice, all of the relief sought by defendants in this action, including, without limitation: (1) judgment rejecting the demands sought

by Metso in this action; (1) dismissing the Complaint with prejudice; (3) declaring that defendants have not infringed any claims of Metso's '618 patent; (4) declaring that the claims of Metso's '618 patent are invalid; (5) declaring that Metso's '618 patent is unenforceable; (6) awarding defendants their reasonable attorneys' fees and costs; (7) permanently enjoining Metso, its officers, agents, servants, employees and attorneys, and those in active concert or participation with any of them from directly or indirectly charging or instituting and action for infringement, inducement of infringement or contributory infringement of Metso's '618 patent against defendants or any other person or entity in privity with defendants, including without limitation, defendants successors, assigns, suppliers and customers; and (8) other "appropriate" relief.

4. **<u>Monetary Damages to Metso</u>**:

A final judgment under 35 U.S.C. § 284 granting to Metso $ 27,882,814 in damages from the defendants for infringement by defendants through September 30, 2007, the close of fact discovery in this action.

5. **<u>Judgment of Willful Infringement:</u>**

A final judgment that defendants' infringement of Metso's '618 patent was willful.

6. **<u>Trebling of Monetary Damages for Willful Infringement:</u>**

A final judgment under 35 U.S.C. § 284 trebling the damages award to Metso in view of defendants' willful infringement.

7. **Pre-judgment Interest:**

A final judgment granting to Metso pre-judgment interest on Metso's damages award in an amount to be determined after post-trial submissions on the issue.

8. **Monetary Damages for Infringement After October 1, 2007:**

A final judgment under 35 U.S.C. § 284 granting to Metso damages for defendants' infringement taking place after October 1, 2007, the date that fact discovery ended in this action, in an amount to be determined after post-trial submissions on the issue.

9. **Post-Judgment Interest:**

A final judgment granting to Metso post-judgment interest on Metso's damages award.

10. **Costs and Expenses:**

A final judgment granting to Metso its costs and expenses in this action in an amount to be determined after post-trial submissions on the issue.

11. **Attorneys' Fees:**

A final judgment, after post-trial submissions on the issue, that this action is exceptional under 35 U.S.C. § 285 based upon defendants' willful infringement and defendants' litigation misconduct in this action, and an award to Metso of its attorneys fees in an amount to be determined after post-trial submissions on the issue.

12. **A Permanent Injunction:**

A permanent injunction enjoining defendants, their agents, servants, employees and attorneys and all persons acting in concert or in participation with defendants from infringing Metso's '618 patent, and enjoining defendants, their agents, servants, employees and attorneys and all persons acting in concert or in participation with defendants from making, using, selling, or offering for sale in the United States and importing into the United States the Infringing Screening Plants until the '618 patent expires.

13. **Other Relief:**

Such other and further relief as this Court or the jury may deem just and proper. Metso reserves the right to amend Plaintiff Metso's Statement Regarding Damages and Other Relief Sought to conform to the proof offered in evidence at trial.

October 8, 2010

Respectfully submitted,

/s/ Michael C. Stuart
Michael C. Stuart
Lisa A. Ferrari
Marilyn Neiman
Teodor J. Holmberg
Cohen Pontani Lieberman & Pavane LLP
551 Fifth Avenue
New York, New York 10176
Phone: 212-687-2770
Telefax: 212-972-5487

Counsel for Plaintiff
Metso Minerals, Inc.

#196240

5

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused to be served a complete and correct copy of the foregoing:

**PLAINTIFF METSO'S STATEMENT REGARDING DAMAGES AND OTHER RELIEF SOUGHT**

on defendants, as follows, by ECF, addressed as follows:

>George B. Yankwitt
>Mary M. Chang
>Squire, Sanders & Dempsey LLP
>30 Rockefeller Plaza
>New York, New York 10112
>
>*Counsel for Defendants Powerscreen International Distribution Limited, Terex Corporation, Emerald Equipment Systems, Inc., and Powerscreen New York, Inc.*

Dated: October 8, 2010

/s/ Michael C. Stuart
Michael C. Stuart